# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:**<br>CAROLYN J. FLORIMONTE<br><br>                          Debtor(s)<br>SCRANTON LAMINATED LABELS, INC.<br>SCRANTON LABEL<br>EDMUND J. CARR<br>                          Plaintiff(s)<br>v.<br>CAROLYN J. FLORIMONTE<br>                          Defendant(s) | Chapter       7<br><br>Case Number:   5-15-bk-02377 RNO<br><br><br><br><br>Adversary Number: 5-15-ap-00144 RNO<br><br>Document No.:   6<br>Nature of<br>Proceeding:   Motion to Dismiss Adversary Proceeding |

## **OPINION**[1]

One of the Chapter 7 Debtor's creditors filed a seven count Complaint averring non-dischargeability of its claim and objecting to Debtor/Defendant obtaining a Chapter 7 discharge. The Debtor has moved to dismiss the adversary Complaint. For the reasons stated below, the Defendant's Motion to Dismiss the Plaintiffs' Complaint is granted in part and denied in part.

**I.    Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

**II.    Facts and Procedural History**

Carolyn J. Florimonte ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on June 3, 2015. This Adversary Proceeding was commenced by a

---

[1]    Drafted with the assistance of Maria Babajanian, Esq., Law Clerk

Complaint filed on September 8, 2015. The Complaint was filed by Scranton Laminated Labels, Inc., Scranton Label, and Edmund J. Carr (collectively "Scranton Laminated").

The Complaint alleges that there was significant pre-petition litigation between the parties in state court. In the Complaint, Scranton Laminated alleges that it holds a state court judgment against the Debtor in the face amount of $52,917.71. Complaint Objecting to Debtor's Discharge Pursuant to 11 U.S.C. Sections. 523 and 727 ¶ 11, ECF No. 1 ("Complaint").

In sum, the Complaint alleges that Scranton Laminated obtained a state court judgment against the Debtor which found that the Debtor had wrongfully used civil process to pursue unsustainable claims against Scranton Laminated.

On September 25, 2015, the Defendant's Motion to Dismiss the Plaintiffs' Complaint ("Motion to Dismiss") was filed to Docket No. 6. The Motion to Dismiss seeks dismissal of the Complaint, with prejudice, alleging it failed to state a plausible claim for non-dischargeability or an objection to the Debtor's Chapter 7 discharge. The Motion to Dismiss has been briefed and is ripe for decision.

### III. Discussion

#### A. Standard to Decide a Motion to Dismiss Under F.R.B.P. 7012(b)

Federal Rule of Bankruptcy Procedure 7012(b) makes Federal Rule of Civil Procedure 12(b) through (i) applicable to bankruptcy adversary proceedings. Rule 12(b)(6) provides for dismissal of a complaint which fails to state a claim upon which relief can be granted. Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a motion to dismiss, the factual allegations of the complaint are construed in the light most

2

Case 5:15-ap-00144-JJT    Doc 37    Filed 10/21/16    Entered 10/21/16 10:11:10    Desc
INCORRECT IMAGE    Page 2 of 13

favorable to the non-moving party, in this case, the Debtor. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1410 (3d Cir. 1991); *Network Commodities, LLC v. Golondrinas Trading Co., Ltd.*, 2013 WL 1352234, at *1 (D.N.J., Apr. 1, 2013).

While it is true that detailed factual allegations are not required in a complaint, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, 127 S.Ct. 1955, 1964-65 (2007). *Twombly* held that, in order to withstand a motion to dismiss, the complaint must plead a plausible, rather than merely possible, claim.

The Supreme Court has described "facial plausibility":

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

Here, the alleged facts are viewed in the light most favorable to Scranton Laminated. However, legal conclusions are not assumed to be true when considering a motion to dismiss. *Id.* 556 U.S. at 1950.

The United States Court of Appeal for the Third Circuit has provided guidance concerning the standard for a motion to dismiss:

3

Case 5:15-ap-00144-JJT    Doc 37    Filed 10/21/16    Entered 10/21/16 10:11:10    Desc
INCORRECT IMAGE    Page 3 of 13

> The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted); *Neshaminy Constructors, Inc. v. EFCO Corp.*, 2013 WL 2419642, at *2 (D.N.J., June 3, 2013).

When deciding a motion to dismiss, I generally can consider the complaint, as well as attached exhibits and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Taylor v. Henderson*, 2015 WL 452405, at *1 (D.Del., Jan. 30, 2015). Also, consideration can be given to an indisputably authentic document which the defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Ben. Guar. Corp.*, 998 F.2d at 1196; *also see Miller v. Clinton County*, 544 F.3d 542, 550 (3d Cir. 2008).

While addressing the record to be considered, it is noteworthy that Federal Rule of Evidence 201 allows a Federal Court to take judicial notice of facts that are not subject to reasonable dispute. A bankruptcy court may take judicial notice of the docket events in a case and the contents of the bankruptcy schedules to determine the timing and status of case events, as well as other facts not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, at *12 n.19 (Bankr. E.D.Pa., Jan. 11, 1991). I, therefore, take judicial notice of the docket entries in the Debtor's underlying Chapter 7 case and in this Adversary Proceeding. I also take judicial

4

Case 5:15-ap-00144-JJT    Doc 37    Filed 10/21/16    Entered 10/21/16 10:11:10    Desc
INCORRECT IMAGE    Page 4 of 13

notice of the contents of the bankruptcy schedules and statements which are not subject to reasonable dispute.

I will next proceed to consider each of the Counts of the Complaint in light of the plausibility requirement.

### B. Count I - Non-Dischargeability Under § 523(a)(6)

Count I of the Complaint is grounded upon 11 U.S.C. § 523(a)(6).[2] This subsection of the Bankruptcy Code excepts from discharge a debt, "for willful and malicious injury by the debtor to another entity or to the property of another entity."

Non-dischargeability under § 523(a)(6) requires finding of both willful and malicious injury. A malicious injury involves the following: (1) a wrongful act; (2) done willfully; (3) which necessarily causes injury; and, (4) is done without just cause or excuse. *In re Vepuri*, 2009 WL 2921305, at *8 (Bankr. E.D.Pa., Mar. 25, 2009). The maliciousness requirement in § 523(a)(6) refers to injuries that are wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will. *In re Jacobs*, 381 B.R. 128, 136 (Bankr. E.D.Pa. 2008); *In re Harris*, 2011 WL 2787722, at *3 (Bankr. M.D.Pa., July 14, 2011).

Actions are "willful" for purposes of § 523(a)(6) if they are done for the purpose of producing injury or have a substantial certainty of producing injury. *In re Conte*, 33 F.3d 303, 307-09 (3d Cir. 1994). Willful injury may be established indirectly by evidence of the debtor's knowledge of the creditor's rights and the debtor's knowledge that her conduct would cause particularized harm. *In re Glenn*, 470 B.R. 731, 736 (Bankr. M.D.Pa. 2012).

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

5

The gravamen of the Complaint is that the Debtor was previously employed by the corporate Plaintiff, Scranton Laminated Labels, Inc. She was discharged from such employment in April 2003. After her discharge, the Debtor sought unemployment compensation; she also filed a discrimination claim against her former employer with the Pennsylvania Human Relations Commission. Further, in March 2008, she filed a state court complaint in the Lackawanna County Court of Common Pleas against Scranton Laminated alleging gender discrimination, retaliatory discharge, and a hostile work environment ("First State Court Action"). On March 15, 2010, a non-jury verdict was entered in favor of Scranton Laminated and against the Debtor in the First State Court Action.

Shortly thereafter, on April 5, 2010, Scranton Laminated sued the Debtor in the Court of Common Pleas of Lackawanna County seeking compensatory and punitive damages for alleged wrongful use of civil proceedings ("Second State Court Action"). The Second State Court Action maintained that Debtor's unemployment compensation claim and appeals, the complaint filed with the Pennsylvania Human Relations Commission, and the First State Court Action were all filed in a grossly negligent manner entitling Scranton Laminated to damages and attorney's fees.

A review of the Complaint shows that the numbered paragraphs contain little detail concerning the former employer/employee relationship between Scranton Laminated and the Debtor. Similarly, the numbered paragraphs of the Complaint contain few factual allegations concerning either the First State Court Action or the Second State Court Action. However, two exhibits were attached to the Complaint and incorporated by reference. Exhibit "A" is a November 28, 2012, Jury Verdict Slip entered in the Second State Court

Action ("Jury Verdict"). Attached as Exhibit "B", and incorporated by reference, is an April 4, 2013, Memorandum and Order ("Memorandum Order") entered by the State Court Judge, the Honorable Terrence R. Nealon, denying the Debtor's motion for post-trial relief in the Second State Court Action.

The two exhibits provide significant factual detail to the Complaint allegations. For example, the Jury Verdict found that the Debtor ". . . acted in a grossly negligent manner or without probable cause . . ." when she initiated or continued the civil cases against Scranton Laminated. Complaint Ex. A 1, ECF No. 1-1. The Jury Verdict also found that the Debtor's initiation or continuation of the civil proceeding against Scranton Laminated was "outrageous," awarding punitive damages in the amount of $7,595.97. Complaint Ex. A 3, ECF No. 1-1. The Memorandum Order notes that throughout the proceedings, the Debtor alleged that Scranton Laminated's witnesses, and its counsel, "repeatedly perjured themselves." Complaint Ex. B 22, ECF No. 1-2. The Memorandum Order provides considerable detail as to the numerous actions which the Debtor prosecuted against Scranton Laminated and the effect this had upon its principal.

The question of whether a debt is non-dischargeable is determined as a matter of federal law. *In re Casini*, 307 B.R. 800, 818 (Bankr. D.N.J. 2004) (considering non-dischargeability under the fiduciary exception § 523(a)(4)); *In re Guest*, 193 B.R. 745, 747 (Bankr. E.D.Pa. 1996).

However, subject to stringent requirements, bankruptcy courts may give a state court judgment preclusive effect under the doctrine of collateral estoppel. *In re Mauz*, 496 B.R. 777, 781 (Bankr. M.D.Pa. 2013). Today, I am only considering whether or not the Complaint has stated a facially plausible claim. I specifically make no finding as to whether

7

either the Jury Verdict or the Memorandum Order is entitled to preclusive effect under the doctrine of collateral estoppel.

I conclude that the findings within the Jury Verdict and the Memorandum Order add factual flesh to the skeletal frame of Count I of the Complaint which alleges non-dischargeability under § 523(a)(6). I find that the Complaint, together with the incorporated exhibits, states a plausible claim, therefore, the Motion to Dismiss will be denied as to Count I of the Complaint.

### C. Count II - Objection to Discharge § 727(a)(2)

Paragraph 19 of the Complaint reads:

> 19. Pursuant to 11 U.S.C. § 727(a)(2), as set forth above, the Debtor knowingly and fraudulently made false oaths or accounts within her Schedules, Statement of Financial Affairs and supporting papers filed in this case. These false oaths and accounts were made with the intent to hinder, delay or defraud creditors and trustee and to conceal assets from administration by the trustee.

Complaint, ¶ 19, ECF No. 1. Section 727(a)(2) provides for an objection to discharge where the debtor, with intent to hinder, delay, or defraud, transferred or concealed property of the debtor either within one year before the date of the filing of the petition or after the date of the filing of the petition. *In re DiLoreto*, 266 Fed.Appx. 140, 144 (3d Cir. 2008) (citing *In re Dawley*, 312 B.R. 765, 782 (Bankr. E.D.Pa. 2004)).

I note that the definition of "transfer" contained in § 101(54) of the Bankruptcy Code is broad. See *In re Watman*, 301 F.3d 3, 10-11 (1st Cir. 2002); *In re Davis*, 911 F.2d 560 (11th Cir. 1990). Property that can be transferred for purposes of § 727(a)(2) includes money belonging to the debtor. *In re Spitko*, 357 B.R. 272, 302 (Bankr. E.D.Pa. 2006).

8

I conclude that there is nothing within the four corners of the Complaint, or the attached exhibits, which alleges a transfer by the Debtor within the meaning of § 727(a)(2). I will grant the Motion to Dismiss in this regard and dismiss Count II of the Complaint. Scranton Laminated is granted leave of twenty-eight days to file an amended conforming complaint concerning this Count.

### D. Count III - Section 727(a)(4)

Section 727(a)(4) is sometimes referred to as the false oath provision. To sustain an objection to discharge under this subsection, the objector must prove the following by a preponderance of the evidence: (1) the debtor made a false oath or statement; (2) the debtor knew the statement was false; (3) the debtor made the statement with the intent to deceive; and, (4) the statement was material to the bankruptcy case. *In re Von Kiel*, 461 B.R. 323, 340 (Bankr. E.D.Pa. 2012) (citing *Strominger v. Giquinto (In re Giquinto)*, 388 B.R. 152, 178 (Bankr. E.D.Pa. 2008)). It has been held that § 727(a)(4) is designed to ensure that the debtor provides reliable information and candid disclosure of her financial status to creditors and parties in interest. *In re Ciotti*, 448 B.R. 694, 703 (Bankr. W.D.Pa. 2011).

Paragraph 13 of the Complaint alleges nine instances in which the Debtor's Schedules or Statement of Financial Affairs are allegedly erroneous. I take judicial notice that the Complaint was filed on September 8, 2015. I also take judicial notice that on September 24, 2015, the Debtor filed significant amendments to her bankruptcy Schedules and the Statement of Financial Affairs.

Consistent with the notion of judicial economy, I will refrain from ruling on the alleged false oaths or statements, some or all of which may have been cured, or rendered

9

immaterial, by amendment. I will grant the Motion to Dismiss as to Count III of the Complaint but allow Scranton Laminated twenty-eight days to file an amended conforming complaint as to this Count. Any amended complaint must specify what subsection or subsection or subsections of § 727(a)(4) it is being brought under. Namely, subsections (A), (B), (C), or (D).

### E. Count IV - Section 727(a)(5)

Subsection 727(a)(5) provides that a discharge may be denied where:

> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

11 U.S.C. § 727(a)(5).

The principal factual averment concerning this objection to discharge is contained in the second sentence of Paragraph 25 of the Complaint which provides:

> 25. . . . The Debtor had testified in state court proceedings, under oath, that her residence was valued at $300,000.00. Now, in her Schedules, she lists a value of only $118,000.00.

Complaint, ¶ 25, ECF No. 1.

Under § 727(a)(5), the creditor must first establish a loss of assets whereupon the burden switches to the debtor to provide a satisfactory explanation. *In re Grammenos*, 469 B.R. 535, 550; *Bezner v. Robbins (In re Robbins)*, 2008 WL 2038833, at *3 (Bankr. D.N.J., May 12, 2008). The plaintiff's initial burden is to specifically identify assets that the debtor owned at one time and that are no longer available to the debtor's creditors. *Grammenos*, 469 B.R. at 550; *Riehm v. Park (In re Park)*, 272 B.R. 323, 332 (Bankr. D.N.J. 2001).

10

Case 5:15-ap-00144-JJT    Doc 37    Filed 10/21/16    Entered 10/21/16 10:11:10    Desc
INCORRECT IMAGE    Page 10 of 13

I find that Count IV of the Complaint fails to state a plausible claim for relief under § 727(a)(5). Scranton Laminated has not averred that the Debtor has failed to satisfactorily explain the loss of specific assets. At most, the Complaint alleges that the bankruptcy Schedules state a value for the Debtor's residence – which she still owns – lower than a value the Debtor testified to "in state court proceedings."

I find that the Complaint fails to state a plausible claim under § 727(a)(5) of the Bankruptcy Code and will grant the Motion to Dismiss with respect to Count IV. I will grant Scranton Laminated leave of twenty-eight days to file an amended conforming complaint concerning this count.

### F. Count V - Attorney's Fees and Costs

Count V of the Complaint reasserts the previous allegations of the Complaint. Then, in conclusory fashion, states:

> 29. By reason of the foregoing, Plaintiffs should be awarded their attorney's fees and costs incurred in bringing and pursuing this action.

Complaint, ¶ 29, ECF No. 1. Bankruptcy courts generally follow the American Rule that a prevailing party is not entitled to attorney's fees unless: (1) a contract provides for the payment of attorney's fees; or, (2) a federal statute provides for an award of attorney's fees. *In re Clemente*, 2010 WL 2758145, at *2 (Bankr. D.N.J., July 13, 2010); *also see In re S.S.*, 271 B.R. 240, 245 (Bankr. D.N.J. 2002).

The Bankruptcy Code contains limited provisions allowing the award of attorney's fees to the prevailing party. When a creditor willfully violates the automatic stay an injured individual debtor can recover attorney's fees. 11 U.S.C. § 362(k); *In re Univ. Med. Ctr.*, 973 F.2d 1065, 1085 (3d Cir. 1992); *In re Aleckna*, 543 B.R. 717, 725 (Bankr. M.D.Pa. 2016).

11

Also, when a creditor's request for a finding of non-dischargeability of a consumer debt is denied – coupled with a finding that the creditor's position was not substantially justified – the court may award attorney's fees. 11 U.S.C. § 523(d); *In re Williams*, 224 B.R. 523, 528 (2d Cir. B.A.P. 1998); *AT&T Universal Card Services, Corp. v. McIvor*, 1997 WL 749425, at *3 (E.D.Pa., Dec. 4, 1997). Neither of these statutory exceptions to the American Rule apply to the case at bar.

Scranton Laminated has not supplied any statutory or contractual authority for the award of attorney's fees to it. The Court recognizes that attorney's fees may be awarded in instances where the debtor engaged in vexatious, wanton, or oppressive conduct. I find that the Complaint fails to allege any facts which portray such conduct in the filing of the underlying Chapter 7 bankruptcy.

Therefore, I will grant the Motion to Dismiss with respect to Count V of the Complaint. Leave will be granted to Scranton Laminated to file an amended conforming complaint within twenty-eight day of the date of the judgment.

### G. Request for Dismissal with Prejudice

Federal Rule of Civil Procedure 15 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7015. The Rule provides that ". . . [t]he court should freely give leave [to amend a pleading] when justice so requires."

The Motion to Dismiss seeks dismissal of the Complaint, with prejudice. A dismissal with prejudice may be based upon undue delay, bad faith, repeated failure to cure deficiencies by previously allowed amendments, prejudice to the opposing party, or the futility of amendment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d

Cir. 1997); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *In re Sobol*, 545 B.R. 477, 491 (Bankr. M.D.Pa. 2016).

The Complaint is Scranton Laminated's original pleading. I conclude there are no grounds to dismiss any of the Counts of the Complaint, with prejudice, at this stage of the proceedings.

## IV. Conclusion

The Motion to Dismiss will be granted in part and denied in part. A judgment will be entered addressing each count of the Complaint in the manner provided for in this Opinion.

By the Court,

*Robert N. Opel II*

Date: October 21, 2016

Robert N. Opel, II, Chief Bankruptcy Judge
(BI)

13