# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| CAROLYN J. FLORIMONTE | Chapter: 7 |
| | Case Number: 5:15-bk-02377-RNO |
| Debtor(s) | |
| SCRANTON LAMINATED LABELS, INC., SCRANTON LABEL, AND EDMUND J. CARR | Adversary Number: 5:15-ap-00144-RNO |
| Plaintiff(s) | Document No.: 76 |
| v. | Nature of Proceeding: Motion to Dismiss Adversary Proceeding |
| CAROLYN J. FLORIMONTE | |
| Defendant(s) | |

## OPINION[1]

Scranton Laminated Labels, Inc., Scranton Label, and Edmund J. Carr (collectively, "Plaintiffs") filed a two-count Amended Adversary Complaint ("Amended Complaint") averring non-dischargeability of their claim pursuant to 11 U.S.C. § 523(a)(6)[2] and objecting to Carolyn J. Florimonte's ("Defendant") discharge pursuant to § 727(a)(4)(A). After filing an Amended Answer to Count I of the Amended Complaint and a Motion to Dismiss Count II of the Amended Complaint (collectively "Second Motion to Dismiss") and an Amended Answer to Count II of the Amended Complaint ("Amended Count II Answer"), Defendant filed a *Pro Se* Motion to

---

[1] Drafted with the assistance of Timothy R. Powell, Esquire, Law Clerk.

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code" or "Code").

1

Dismiss the Adversary Proceeding ("*Pro Se* Motion to Dismiss"). For the reasons stated below, Defendant's *Pro Se* Motion to Dismiss will be denied.

I. **Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) & (J).

II. **Facts and Procedural History**

On June 3, 2015, Defendant filed her Chapter 7 voluntary bankruptcy petition (5:15-bk-02377-RNO). On September 8, 2015, Plaintiffs initiated this Adversary Proceeding (5:15-ap-00144-RNO) by filing a five-count Adversary Complaint ("Complaint"). The Complaint sought non-dischargeability of Plaintiffs' claim pursuant to § 523(a)(6), objected to Defendant's discharge citing various subsections of § 727(a), and requested attorney's fees and costs incurred in bringing the Complaint. On September 25, 2015, Defendant filed a Motion to Dismiss ("First Motion to Dismiss") the Complaint pursuant to Rule 12(b)(6).

On October 13, 2016, after both Plaintiffs and Defendant filed briefs, a hearing was held on the First Motion to Dismiss. On October 21, 2016, I entered my Opinion and Judgment ("October 21 Opinion") which denied Defendant's First Motion to Dismiss as to Plaintiffs' Count I § 523(a)(6) claim. *In re Florimonte*, 558 B.R. 703, 708-09 (Bankr. M.D. Pa. 2016). Further, my October 21 Opinion granted, without prejudice, Defendant's First Motion to Dismiss as to the remaining four counts. *Id.* at 709-11. For those counts in which I granted Defendant's First Motion to Dismiss, I also granted Plaintiffs twenty-eight days leave to file an amended conforming complaint. *Id.*

On November 11, 2016, Plaintiffs filed a two-count Amended Complaint which included their original Count I § 523(a)(6) claim as well as a more specific Count II claim under

2

§ 727(a)(4)(A). On December 8, 2016, Defendant filed another motion to dismiss which she superseded on December 20, 2016, by filing her Second Motion to Dismiss pursuant to Rule 12(b)(6). On January 4, 2017, this Adversary Proceeding and Defendant's main Chapter 7 bankruptcy case were reassigned to the Honorable John J. Thomas in the interests of judicial economy.

After both Plaintiffs and Defendant again filed briefs, Judge Thomas denied Defendant's Second Motion to Dismiss, holding that Plaintiffs' Count II claim was supported by sufficient allegations. Additionally, Judge Thomas directed Defendant to file, by March 9, 2017, an answer to Count II of the Amended Complaint. On February 28, 2017, Defendant filed her Amended Count II Answer.

On January 29, 2019, Defendant's counsel, Thomas J. Jones, Esquire, filed a Motion to Withdraw ("Motion to Withdraw") at the request of Defendant. Subsequently, a hearing on the Motion to Withdraw was scheduled for February 5, 2019. Before this hearing could be held, Defendant, now in her own *pro se* capacity, filed her *Pro Se* Motion to Dismiss on January 30, 2019. At the February 5, 2019 hearing, Judge Thomas denied the Motion to Withdraw and directed Plaintiffs to file a response to the *Pro Se* Motion to Dismiss within seven days. On February 12, 2019, Plaintiffs filed an Answer & Motion to Strike the *Pro Se* Motion to Dismiss.

On February 13, 2019, due to the untimely passing of Judge John J. Thomas, the case was reassigned to me. After reviewing the docket, I find that Defendant's *Pro Se* Motion to Dismiss is ripe for decision.

### III. Discussion

#### A. Review of *Pro Se* Pleadings

The pleadings of *pro se* litigants are construed liberally. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citation omitted). "Such pleadings, 'however inartfully pleaded' are held to less stringent standards than formal pleadings drafted by lawyers." *In re Davis*, 2019 WL 1117822, at *2 (Bankr. M.D. Pa. Mar. 11, 2019) (citations omitted). However, this relaxed view of pleading formalities does not excuse a lack of legal knowledge or resources. *U.S. v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Even though we are dealing with a motion to dismiss, which is not a pleading, I will review the Defendant's *Pro Se* Motion to Dismiss under a more relaxed standard.

#### B. Motion to Dismiss Pursuant to 18 U.S.C. § 152(4)

Defendant's *Pro Se* Motion to Dismiss requests I dismiss Plaintiffs' Amended Complaint for alleged fraud pursuant to 18 U.S.C. § 152(4). Mot. to Dismiss 1, ECF No. 76. For the reasons stated below, I find that the bankruptcy court is not the proper venue to bring a charge under 18 U.S.C. § 152(4).

18 U.S.C. § 152(4) provides:

A person who—
\* \* \*
(4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;
\* \* \*
shall be fined under this title, imprisoned not more than 5 years, or both.

To be criminally liable under 18 U.S.C. § 152(4), the specific language of the statute provides that a person has to, at the very least, file a proof of claim against the estate of the debtor. In looking at the claims registry in Defendant's main Chapter 7 bankruptcy case, I take

judicial notice that no Plaintiff in this Adversary Proceeding has filed a proof of claim against the Defendant. I will not further address any purported criminality of the Plaintiffs' behavior because I find that there is no private right of action under 18 U.S.C. § 152(4). *In re Long*, 564 B.R. 750, 758 (Bankr. S.D. Ala. 2017); *In re Zinn*, 2017 WL 262043, at *12 (Bankr. D. Md. Jan. 17, 2017). Any cognizable prosecution under 18 U.S.C. § 152(4) must be brought by a United States attorney in a court of competent jurisdiction.

Since I am reviewing Defendant's *Pro Se* Motion to Dismiss under a more relaxed standard, I will re-characterize the remainder of it as a motion to dismiss under Rule 12(b)(6) and subsequently a motion for judgment on the pleadings under Rule 12(c).

### C. Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6) and Motion for Judgment on the Pleadings Pursuant to Federal Rule of Bankruptcy Procedure 7012(c)

Federal Rule of Bankruptcy Procedure 7012(b) makes Federal Rule of Civil Procedure 12(b)–(i) applicable to bankruptcy adversary proceedings. Rule 12(b)(6) requires dismissal of a complaint which fails to state a claim upon which relief can be granted. *In re Trokie*, 590 B.R. 663, 669 (Bankr. M.D. Pa. 2018). While the Supreme Court decisions in *Twombly* and *Iqbal* heightened the pleading standards required in a complaint to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) & *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), certain motion to dismiss formalities remained.

Under Rule 12(b) generally, a party must make a Rule 12(b)(6) motion to dismiss before they file an answer. *Neff v. Cty. of Erie, New York*, 2017 WL 1683905, at *1 (W.D.N.Y. Apr. 4, 2017). However, although a post-answer motion to dismiss is untimely by statute, "this timing requirement has customarily been treated as a mere technicality." *Trustees of Univ. of Pennsylvania v. Mayflower Transit, Inc.*, 1997 WL 598001, at *1 (E.D. Pa. Sept. 16, 1997)

5

(citations omitted); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Many courts, including those in the Third Circuit, have held that "a motion to dismiss under Rule 12(b)(6) made after an answer has been filed may be treated, in the court's discretion, as a Rule 12(c) motion for judgment on the pleadings." *Id.* (citations omitted).

Here, Defendant filed her *Pro Se* Motion to Dismiss the Amended Complaint on January 30, 2019. Mot. to Dismiss, ECF No. 76. However, Defendant filed her Second Motion to Dismiss (ECF No. 42), which contained her Amended Answer to Count I of the Amended Complaint, on December 20, 2016, and filed her Amended Answer to Count II of the Amended Complaint (ECF No. 50) on February 28, 2017. Therefore, Defendant's *Pro Se* Motion to Dismiss was untimely because it was filed after she filed her answers to Counts I and II of the Amended Complaint. However, as stated above, when a post-answer Rule 12(b)(6) motion is filed, a court may treat such a motion as a Rule 12(c) motion. *Trustees of Univ. of Pennsylvania v. Mayflower Transit, Inc.*, 1997 WL 598001, at *1 (E.D. Pa. Sept. 16, 1997) (citations omitted); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

While a motion for judgment on the pleadings pursuant to Rule 12(c) has its own standard of review, I find that such an analysis is unnecessary pursuant to the law of the case doctrine.

### D. Law of the Case Doctrine

The law of the case doctrine bars a court from reconsidering matters actually decided. *St. Thomas-St. John Hotel & Tourism Ass'n. Inc. v. U.S.* 357 F.3d 297, 301 (3d Cir. 2004) (citation omitted). This doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 2177 (1988). Additionally,

this doctrine "applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Id.* (citations omitted).  However, while a court does have the discretion to revisit prior decisions of its own or of a coordinate court, it "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson*, 486 U.S. at 817, 108 S. Ct. at 2178.

*Chase Bank USA N.A. v. Hess* is a case which involved, amongst other motions by other defendants, a motion to dismiss by defendant Laura Hess for lack of personal jurisdiction, *res judicata*, and improper venue.  2011 WL 45132, at *1 (D. Del. Jan. 6, 2011).  Plaintiff, Chase Bank, responded by arguing the law of the case doctrine because the Delaware district court, under Judge Farnan, had already denied a similar, if not identical, motion a few years prior.  In the subsequent proceeding, Judge Stark agreed with Chase Bank's argument and held that there was no reason to depart from Judge Farnan's earlier rulings.  *Id.* at *5 (citing *Christianson*, 486 U.S. at 816).  Ultimately, Judge Stark denied Hess's motion to dismiss based upon the law of the case doctrine.  *Id.*

Additionally, because I am re-characterizing Defendant's *Pro Se* Motion to Dismiss as a motion for judgment on the pleadings under Rule 12(c), I need to consider whether Judge Thomas's and my earlier Rule 12(b)(6) rulings may be applied as law of the case under Rule 12(c).

In *Alexander v. City of Greensboro*, the plaintiffs argued that the defendant's motion for judgment on the pleadings pursuant to Rule 12(c) should be summarily denied under Rule 12(g)(2) and Rule 12(h)(2) or (3) because the defenses behind the Rule 12(c) motion were available to be raised under defendant's previously brought Rule 12(b) motions.  801 F. Supp. 2d 429, 433-34 (M.D.N.C. 2011).  After a thorough analysis under Rule 12(g)(2) and Rule

12(h)(2)(B), the court held that Rule 12(g)(2) did not bar the defendant's Rule 12(c) motion. *Id.* at 434. However, without specifically citing the law of the case doctrine, the court also held that it would not "reconsider issues that it addressed fully at the Rule 12(b)(6) stage," which implies the applicability of the doctrine. *Id.*; *see also Villescas v. Richardson*, 124 F. Supp. 2d 647, 650 (D. Colo. 2000) (providing that Judge Babcock denied, as law of the case, part of a Rule 12(c) motion which he had previously ruled upon in his Rule 12(b) order).

In the case at hand, Count I in the Amended Complaint is substantively identical to Count I in the original Complaint. *Compare* Compl. 5-6, ECF No. 1 *with* Am. Compl. 6, ECF No. 39. Additionally, I find that Defendant's *Pro Se* Motion to Dismiss does not affect my prior findings as to the plausibility of Count I in the Amended Complaint. Therefore, my October 21 Opinion denying the First Motion to Dismiss as to Count I of the original Complaint is the law of the case, and I will deny Defendant's *Pro Se* Motion to Dismiss as to Count I of the Amended Complaint.

Count II in the Amended Complaint was originally Count III in the original Complaint. *Compare* Compl. 6-7, ECF No. 1 *with* Am. Compl. 6-10, ECF No. 39. Even though I granted Defendant's First Motion to Dismiss as to Count III of the original Complaint in my October 21 Opinion, Op. 9-10, ECF No. 37, Judge Thomas entered an order which denied Defendant's Second Motion to Dismiss as to Count II of the Amended Complaint because Count II of the Amended Complaint stated a claim which was supported by sufficient allegations, Order 2, ECF No. 48. I also conclude that, under the law of the case doctrine, the *Pro Se* Motion to Dismiss does not affect the sufficiency of the allegations in Count II of the Amended Complaint.

As mentioned above, courts do have the discretion to revisit prior decisions of its own or of a coordinate court. *Christianson*, 486 U.S. at 817, 108 S. Ct. at 2178. The Third Circuit has

recognized three exceptions to the law of the case doctrine that permit reconsideration of an issue previously decided: (1) when a successor judge may entertain a timely motion to reconsider the conclusions of an unavailable predecessor; (2) when new evidence is available the second time the issue is raised; and (3) when a supervening decision has changed an applicable rule of law. *In re AmeriServe Food Distribution, Inc.*, 315 B.R. 24, 36 (Bankr. D. Del. 2004) (citations omitted).

After reviewing the Defendant's *Pro Se* Motion to Dismiss, I find that the only applicable exception to the law of the case doctrine here would be the first exception which relates to Judge Thomas's denial of the Second Motion to Dismiss as to Count II of the Amended Complaint. However, because I have discretion in revisiting prior decisions and because I have reviewed and agree with Judge Thomas's ruling, I consciously refrain from doing so.

**IV.  Conclusion**

Defendant's *Pro Se* Motion to Dismiss as to Counts I and II of the Amended Complaint is denied, with prejudice. The denial is with prejudice because consideration of any further motion to dismiss would contravene the law of the case doctrine.

By the Court,

_____
Robert N. Opel, II, Chief Bankruptcy Judge (BI)

April 3, 2019